# LAW OFFICES OF JANE BECKER WHITAKER
## PO BOX 9023914
## SAN JUAN, PUERTO RICO 00902-3914
## 787 754-9191
## 787 764-3101

janebeckerwhitaker@gmail.com
janebeckerwhitaker@yahoo.com

**Of Counsel**

A.J. Bennazar

416 Ponce de León Ave.
Hato Rey, PR 00918

September 17, 2012

Hon. Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Hon. Viktor V. Pohorelsky
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *United States ex rel. New York ex rel. Rold v. Raff & Becker, LLP, et al.*
      CV 11-6374 (DLI)(VVP)

Your Honors:

We write on behalf of William J. Rold, the relator in this *qui tam* and civil rights case, seeking an Order for the protection of and access to witnesses. The Order is necessary because counsel for the New York State Department of Labor has sent a Memorandum to all Labor Department personnel (some 82 people) "identified… as individuals who are either connected with Mr. Rold's claim or who were involved in some manner with his employment" directing them to review their files to see if they have any information (paper or electronic) related to this case. (*See* Exhibit 1.) In addition to asking them to preserve such documents and to contact the Department's counsel about them, the Memorandum requests them to "identify any other person whom you know or believe may have information." The Memorandum further states:

> *Finally, as of today, you are directed by counsel not to communicate in writing or orally with Mr. Rold, with his attorneys, with each other, or with your colleagues, except your counsel, concerning the subject matter of this litigation.*

Before sending this letter, Ms. Becker complied with the Local Rule of the Eastern District of New York by calling Pico Ben-Amotz, the General Counsel of the New York Department of Labor and conferred with him in an effort to get him to rescind the Memorandum that is the subject of this letter. Mr. Ben-Amotz has not taken corrective action.

Case 1:11-cv-06374-DLI-VVP   Document 18   Filed 09/17/12   Page 2 of 3 PageID #: 110

Hon. Dora L. Irizarry
Hon. Viktor V. Pohorelsky
United States District Court
September 17, 2012
Page 2

The "gag" directive from Labor Department counsel is overbroad, and it impedes lawful factual investigation into the facts of this case by relator and the United States Attorney, who has yet to determine whether to prosecute. The curative Order we seek was issued by the United States District Court in Boston under similar circumstances, and approved by the Second Circuit.

***Background.*** After this Court unsealed the Complaint, Mr. Rold contacted some of his former colleagues to advise them that his case had been filed. His overtures were met with concern about reprisals by the Department, due to the atmosphere of fear at the agency following Mr. Rold's dismissal. It was suggested that there would be safety if everyone had a copy of the complaint so that no one's familiarity with it would draw attention. After reviewing case law about contacting current employees, Ms. Becker e-mailed the Complaint to Unemployment Board employees (not named defendants or executive heads), inviting them to contact her if they had information. (*See* Exhibit 2.) Within the hour, Pico Ben-Amotz, Labor Department counsel, called Ms. Becker threatening a professional misconduct complaint if she did not retract her e-mail. (Mr. Ben-Amotz is the same attorney who e-mailed the Complaint to defendant M. Patricia Smith and informed defendant Leonard D. Polletta about it, while the case was still under seal.) Mr. Ben-Amotz cited the New York Court of Appeals case, *Neisig v. Team*, 76 N.Y.2d 363 (1990); but *Neisig*'s careful analysis does not extend ethical adverse contact rules to a defendant's lower level personnel, and it certainly does not prohibit them from talking to each other or to law enforcement, such as the United States Attorney. The matter remained unresolved, and the Labor Department Memorandum to all staff followed. A former employee confirmed to Ms. Becker that current staff is afraid.

***The Remedial Order.*** The "gag" order sent by counsel in this case is quite similar to the one in *Vega v. Bloomburgh*, 427 F.Supp. 593 (D. Mass. 1977). In *Vega*, the Court found the "gag" to be a violation of government employees' First Amendment rights. It directed defense counsel to rescind its directive in writing and to tell its employees affirmatively that they could meet with plaintiffs' counsel for an interview without any fear of discipline. (For the Court's convenience, the entire *Vega* decision is annexed as Exhibit 3.) The Court wrote:

> Although the defendants might have some interest in being protected from the statements of their employees, this interest will be adequately served by the presence of the defendants' attorney during the formal stages of discovery. Moreover, the interest which they may have in their own protection is outweighed by the first amendment interests of their employees.

*Id.* at 595. The Court distinguished informal early interviews with later formal discovery and evidentiary questions at trial, noting that even potential issues of privilege arise in formal discovery, not in interviews, *citing IBM v. Edelstein*. 526 F.2d 37, 41 (2d Cir. 1975). The Second Circuit cited *Vega* with approval in *NYSARC v. Carey*, 706 F.2d 956, 960 n.5 (2d Cir. 1983). The *Vega* Court concluded that the "gag" directive "…must be rescinded in a fashion

Hon. Dora L. Irizarry
Hon. Viktor V. Pohorelsky
United States District Court
September 17, 2012
Page 3

that will make clear to defendants' employees that they are free to speak to whomever they would like, without fear of sanction or retribution." 427 F.Supp. at 595.

***Public Interest.*** If anything, the public policy mandate for a free flow of information in the instant case is greater than that in *Vega*. Here, in addition to the First Amendment rights of the agency employees, which Labor Department counsel has violated by issuing the gag order, there is the matter of False Claims under *qui tam* that remains under investigation by the federal government. The United States is gathering information that Labor Department executives and a private law firm colluded to divert Social Security moneys from hearing unemployment claims (the Congressional purpose) to benefitting the law firm. Preliminary estimates indicate that "monitoring" may consume as much as a quarter of the Unemployment Board's administrative budget (all of which is federal money) – or as much as $4.3 million dollars per year. Similarly, the New York State *qui tam* claims also involve the law firm's alleged inflated and unnecessary billing (up to a million dollars per year). Since the New York Attorney General has concluded its investigation (at least for now), Mr. Rold's relator investigation is the only prosecution of this claim that is currently available. Defendants' "gag" order stifles both false claim investigations.

For these reasons, we ask the Court to Order Department of Labor counsel to rescind its directive in writing and to replace it with one that informs all agency employees that: they have both the right to talk to Mr. Rold and his counsel and the duty to report any information that either the federal or state government is paying false claims to the United States Attorney Richard Hayes or whomever he designates (with contact information); and no disciplinary action or repercussion of any kind would result from such conduct by agency employees.

Relator requests that this Court act with urgency given that the more time that passes, the more harm is caused. Relator can submit a proposed order at the Court's direction.

Respectfully submitted,

Jane Becker (JB-6155)
Steven A. Rosen (SR-9913)

cc:    Richard Hayes, Esq., Assistant United States Attorney
       Kevan Cleary, Esq., Assistant United States Attorney
       Christopher Wilson, Esq, Department of Justice
       Marvin Peguese, Esq., Assistant Attorney General
       Pico Ben-Amotz, Esq., General Counsel, New York Department of Labor
       Michael Paglialonga, Esq. New York Department of Labor