UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA, *ex rel.*,
STATE OF NEW YORK, *ex rel.*,
WILLIAM J. ROLD,

Plaintiffs,

-against-

RAFF & BECKER, LLP; DAVID A. RAFF,
ROBERT L. BECKER, M. PATRICIA SMITH,
LEONARD D. POLLETTA, and ANDREW M.
CUOMO,

Defendants.

Docket No. CV 11-6374 (DLI)
(VVP)

**STIPULATION AND
PROTECTIVE ORDER**

---

This stipulation and protective order (the "Protective Order") is entered into by and between the undersigned attorneys for the parties to this action, and acknowledged and agreed by the United States Department of Justice ("DOJ"), through their respective counsel.

WHEREAS, in the complaint filed in this action on December 30, 2011 (the "Complaint") plaintiff alleged that in 2010 he submitted a grievance and attachments concerning the termination of his employment with the New York Department of Labor, bearing bates stamp numbers 3070 through 3096, and referred therein to memoranda bearing bates stamp numbers 4342 through 4367 (all collectively referred to for purposes of this stipulation as the "Rold Grievance")

WHEREAS, counsel for the defendants believe that certain parts of the aforementioned Rold Grievance appears to contain confidential information and is protected by various privileges and/or other protections under state and federal law, but counsel for the plaintiff does not agree with this view;

WHEREAS, to resolve the foregoing issues, the Parties have agreed to a production of the Rold Grievance to the DOJ; provided that, pursuant to Rule 502(a)&(d) of the Federal Rules of Evidence, such production will not constitute a subject matter waiver or a waiver of any applicable privilege or any other protection under state or federal law.

IT IS HEREBY STIPULATED, AGREED AND ORDERED THAT,

1.      This Protective Order shall govern the handling of the Rold Grievance produced or provided by plaintiff to the DOJ limited exclusively to the DOJ's investigation of relator's allegations of false claims by government defendants.

2.      Pursuant to Rule 502(a)&(d) of the Federal Rules of Evidence, production of the Rold Grievance to the DOJ for its investigation in this action shall not constitute a subject matter waiver or a waiver of any applicable attorney client or work product privilege or any other protection with respect to the Rold Grievance or the subject matter thereof, whether under state or federal law.

3.      During this stage of the litigation, the Rold Grievance shall be utilized by the parties and their counsel solely for purposes of this litigation and for no other purpose, except that co-defendant Andrew Cuomo or his appointees may reach a determination to accept or reject the claims asserted and remedies sought in the Rold Grievance.  The Rold Grievance may not be used by any party or by any other person in connection with any other action or proceeding pending in this or any other court until the DOJ makes a determination whether it will intervene in this case.  For purposes of this stipulation, a decision by DOJ not to intervene but that reserves the United States' right to intervene at a later date shall be a determination that terminates this stipulation.  Notwithstanding the foregoing provisions of this paragraph 3, the DOJ may use the Rold Grievance as necessary in the conduct of DOJ's duties.

4.      To the extent the Rold Grievance or any portion thereof is filed publicly

with the Court before the DOJ makes its determination, and consistent with Federal Rule of Evidence 502(d), any applicable "privilege or protection" associated with the filing shall not be waived as to this or any other federal or state proceeding.  Accordingly, until this Court has ruled on the issues of privilege or other protection that government defendants assert exist, the holder of such privilege or protection may continue to claim in this or any other federal or state proceeding that such filed materials remain privileged or otherwise protected notwithstanding the public filing, and therefore, may object to admissibility on such grounds in such proceedings.


Dated: New York, New York
        March 12, 2013

LAW OFFICES OF JANE BECKER                    CADWALADER WICKERSHAM &
                                              TAFT LLP


_____              _____
Jane Becker (JB 6155)                         Howard R. Hawkins, Jr. (HH 2787)
P.O. Box 9023914                              Adam S. Lurie (admitted *pro hac vice*)
San Juan, Puerto Rico 00902-3914
                                              New York Office:
LAW OFFICES OF STEVEN A. ROSEN                One World Financial Center
Steven A. Rosen (SR 9913)                     New York, New York 10281
271 Madison Avenue, Suite 1404
New York, New York 10016                      Washington Office:
                                              700 Sixth Street, N.W.
                                              Washington, DC 20001


*Attorneys for William J. Rold*               *Attorneys for Governor Andrew M. Cuomo*

3

EMERY CELLI BRINCKERHOFF &
ABADY LLP

LEWIS BRISBOIS BISGAARD & SMITH
LLP

_____

Andrew G. Celli, Jr.
O. Andrew F. Wilson
75 Rockefeller Plaza, 20th Floor
New York, New York 10019

*Attorneys for M. Patricia Smith*

MEYER, SUOZZI, ENGLISH & KLEIN,
P.C.

_____

Mark K. Anesh, Esq. (MA 8303)
77 Water Street, Suite 2100
New York, New York 10005

*Attorneys for Raff & Becker LLP, David A.
Raff and Robert L. Becker*

_____

Melissa S. Woods (MSW 8571)
1350 Broadway, Suite 501
New York, New York 10018

*Attorneys for Leonard D. Polletta*

4

ACKNOWLEDGED AND AGREED:

LORETTA E. LYNCH
United States Attorney,
Eastern District Of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, NY 11201


By: *s:Richard K. Hayes_____*
Richard Hayes
Assistant U.S. Attorney
(718) 254-6050




SO ORDERED:

_____
United States Magistrate Judge

5